IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 18, 2022

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. _____ |
| v. | |
| RENEL DESTINA, | **VIOLATIONS:** |
| also known as, | |
| "Ti Lapli," | 18 U.S.C. § 1203(a) (Conspiracy to Commit Hostage Taking) |
| Defendant. | 18 U.S.C. § 1203(a) & 2 (Hostage Taking) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

**18 U.S.C. § 1203(a)**
**(Conspiracy to Commit Hostage Taking)**

At all times material to this Indictment:

## INTRODUCTION

### Gran Ravine and Haiti Kidnappings

1.      Gran Ravine was a Haitian gang and criminal organization that operated in the area to the southwest of Port-au-Prince, Haiti.

2.      In and around February 2021, Gran Ravine was engaged in armed kidnappings of U.S. nationals in Haiti for ransom.

### *The Defendant*

3.      RENEL DESTINA, also known as, "Ti Lapli," (hereinafter referred to as "DESTINA"), was a Haitian national, last known to reside in Port Au Prince, Haiti. DESTINA was a leader of Gran Ravine.

### JURISDICTION AND VENUE

4.      All of the acts referred to in this Indictment were begun and committed in Haiti, which is outside the jurisdiction of any particular state or district, but the acts occurred within the extraterritorial jurisdiction of the United States and, pursuant to Title 18 of the United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia.

### THE CONSPIRACY

5.      Beginning no later than on or about February 2, 2021, and continuing until at least on or about February 16, 2021, in Haiti, DESTINA, and others known and unknown to the Grand Jury knowingly combined, conspired, and agreed to intentionally seize and detain and threaten to kill, injure, and continue to detain N.C., a national of the United States, in order to compel a third person to pay a ransom as an explicit and implicit condition for the release of the United States national.

### *Overt Acts*

6.      In furtherance of the conspiracy and to affect the object of the conspiracy, the following overt acts, among others, were committed by DESTINA and his coconspirators outside the United States:

   a.  On or about February 2, 2021, conspirators seized N.C., a U.S. citizen, while he was located in Haiti.

b. Conspirators held N.C. at a safe house for approximately 14 days, during which time the conspirators stole N.C.'s cellular phone.

c. Between on or about February 2, 2021, and on or about February 16, 2021, conspirators made ransom demands to N.C.'s family for N.C.'s release.

d. On or about February 16, 2021, DESTINA, using a phone number ending in *1655, negotiated with A.B., an associate of N.C., a ransom payment of approximately $60,000 for N.C.'s release.

e. On or about February 16, 2021, DESTINA claimed to A.B. that Haiti's gang situation was caused by the Haitian government, and that DESTINA needed the ransom money to build a hospital in his area of control.

f. On or about February 16, 2021, DESTINA and armed coconspirators met A.B. in an area under Gran Ravine's control to obtain the ransom payment.

g. On or about February 16, 2021, DESTINA and his coconspirators received approximately $60,000 from A.B. for the release of N.C.

h. On or about February 16, 2021, armed coconspirators brought N.C., blindfolded and bound, to the meeting place with A.B. and released N.C. to A.B.

All in violation of Section 1203(a) of Title 18 of the United States Code.

## COUNT TWO

### 18 U.S.C. §§ 1203(a), 2
### (Hostage Taking)

7.      The allegations in Paragraphs 1 through 6 of this Indictment are incorporated and re-alleged by reference herein.

8.      Between on or about February 2, 2021, and on or about February 16, 2021. defendant DESTINA and others known and unknown to the grand jury, in Haiti, did intentionally

3

seize and detain and threaten to kill, injure, and continue to detain N.C., a United States national,

in order to compel a third person to pay a ransom as an explicit and implicit condition for the

release of N.C.

All in violation of Sections 1203(a) & 2 of Title 18 of the United States Code

A TRUE BILL

FOREPERSON

Matthew M. Graves /SM

Attorney of the United States in
and for the District of Columbia